T.C. Summary Opinion 2006-108

UNITED STATES TAX COURT

MICHAEL E. AND LAURA A. TAYLOR, Petitioners <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 12423-04S.                    Filed July 17, 2006.

    <u>Ronald W. Blasi</u> and Michael L.P. Jacobs (specially

recognized), for petitioners.

    <u>Brenda M. Fitzgerald</u>, for respondent.

    POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant

to section 7463[1] of the Internal Revenue Code in effect at the

time the petition was filed.  The decision to be entered is not

_____

    [1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

reviewable by any other court, and this opinion should not be cited as authority.

The term petitioner refers to Michael E. Taylor. Respondent determined a deficiency of $1,296 in petitioners' 2002 Federal income tax and a penalty under section 6662 of $259.20. The issues are: (1) Whether petitioners are entitled to a dependency exemption deduction for petitioner's minor child from a previous marriage; (2) whether petitioners are entitled to a child tax credit; (3) whether petitioners are entitled to an additional child tax credit; (4) whether petitioners are entitled to the earned income tax credit; and (5) whether petitioners are liable for the section 6662 penalty.

Petitioners resided in Stockbridge, Georgia, at the time the petition was filed.

## Background

Petitioner and Laura F. Jenkins (Mrs. Jenkins) divorced on September 11, 1998, and are the parents of two minor children. They lived apart during all of 2002, with Mrs. Jenkins residing in Henry County and petitioner residing in Clayton County. Together they provided over one-half of their children's support for 2002.

In 2001, an order establishing joint legal and physical custody (custody order) set forth a 1 week on/1 week off custody schedule, starting with an exchange on Sunday at 6 p.m. The

custody order left the details regarding custody on holidays and school vacations up to petitioner and Mrs. Jenkins to work out on their own.

The terms of the custody order provide that as long as Mrs. Jenkins lives in Henry County, her home will be the children's primary residence. The custody order also provides that if Mrs. Jenkins were to move into Clayton County from Henry County her home would still be the children's primary residence. If Mrs. Jenkins were to move somewhere other than Henry County or Clayton County, the custody order states that petitioner's home in Clayton County would become the children's primary residence. Mrs. Jenkins lived in Henry County during all of 2002.

There is no mention of dependency exemption deductions in either the divorce decree or the custody order.

Petitioner claimed a dependency exemption deduction for one of his children on his 2002 Federal income tax return. Petitioner contends that this was done in accordance with an oral agreement he had with Mrs. Jenkins. Mrs. Jenkins claimed dependency exemption deductions for both children on her 2002 Federal income tax return.

Respondent issued a notice of deficiency to petitioners for the year at issue on April 30, 2004.

Petitioner asserts that he had actual physical custody of both children for a greater portion of 2002 than Mrs. Jenkins did

and, therefore, he was the custodial parent for 2002. In this regard, petitioner presents the testimony of a neighbor, his mother, and petitioner Laura A. Taylor to support his claim that he had physical custody of both children for 50 to 70 percent of the year in issue. Petitioner asserts that Mrs. Jenkins's home was the children's primary residence in 2002 only for purposes of keeping the children enrolled in their current school district.

## Discussion

### Dependency Exemption Deduction

Sections 151 and 152 provide that an individual taxpayer is entitled to deduct an exemption for a minor child if the taxpayer provides over half of the support for the child. Under section 152(e)(1), in the case of a minor child whose parents are divorced, separated under a written agreement, or who have lived apart at all times during the last 6 months of the calendar year, and together provide over half of the support for the minor child, the parent having custody for a greater portion of the calendar year (custodial parent) generally shall be treated as providing over half of the support for the minor child. Petitioner and Mrs. Jenkins lived apart at all times during 2002, and together they provided over half of their children's support.

Custody under section 152(e)(1) is determined by the terms of the most recent decree of divorce, separate maintenance, custody decree, or written separation agreement. Sec. 1.152-

4(b), Income Tax Regs. If any such instrument is silent as to custody, has its validity questioned, or awards "split" or joint custody, then the parent who has custody for the greater portion of the calendar year will be the custodial parent. Id.

A noncustodial parent may be entitled to the dependency exemption deduction if one of three exceptions in section 152(e) is satisfied. The only exception relevant to this case is section 152(e)(2). Section 152(e)(2) provides that a child shall be treated as having received over half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984),[2] further provides:

> The written declaration may be made on a form to be provided by the Service for this purpose. * * *

---

[2] Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

Petitioner does not claim that he satisfies the requirements of section 152(e)(2). However, he cites several cases where the Court has looked to where the child resided in determining which parent had physical custody for purposes of section 152(e)(1). Otmishi v. Commissioner, T.C. Memo. 1980-472; Dumke v. Commissioner, T.C. Memo. 1975-91, affd. without published opinion 524 F.2d 1230 (5th Cir. 1975). In those cases, even if the custody decree granted legal custody to one parent, under circumstances not present in this case, the Court held that the parent was not entitled to a dependency exemption deduction.

As an initial matter, petitioner has not presented evidence such as a detailed log or diary showing that he had actual care and custody of the children for a greater portion of 2002 than Mrs. Jenkins, and Mrs. Jenkins's calendar of events seems contrary to petitioner's position. We cannot determine from this record that the children resided with petitioner for a greater portion of 2002.

More importantly, even if petitioner submitted evidence of a detailed log or diary of the time spent with his children in 2002, we do not agree that petitioner was the custodial parent for 2002 for purposes of section 152(e). The terms of the State custody order clearly state that the primary residence of the children is with Mrs. Jenkins, provided she resides in Henry County, and during all of 2002 she did. Counting days of the

physical whereabouts of children when the terms of the custody order provides for the primary residence is not necessary. We decline the invitation to count days and hours of physical custody in the context of a functioning cooperative joint custody arrangement. Petitioner was not the custodial parent for 2002 under section 152(e)(1). See <u>Wooten v. Commissioner</u>, T.C. Memo. 2000-54.

## Child Tax Credits

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined as an individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A). Petitioners are not entitled to claim a dependency exemption deduction under section 151; therefore, they are also not entitled to the child tax credits. Respondent's disallowance of the child tax credits is sustained.

## Earned Income Credit

Respondent disallowed the earned income credit claimed for petitioner's child.

Subject to limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). An eligible individual is an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who has the same

principal place of abode as the taxpayer for more than one-half of the taxable year, and is a son or daughter of the taxpayer. Sec. 32(c)(3)(A),(B).

Petitioner has not shown that his home was the child's principal place of abode for more than one-half of 2002. Petitioner is not an eligible individual with a qualifying child. Respondent's disallowance of the earned income credit is sustained.

Accuracy-Related Penalty

Section 6662 imposes an accuracy-related penalty "equal to 20 percent of the portion of the underpayment" of tax attributable to "Any substantial understatement of income tax". Sec. 6662(a) and (b)(2). A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A). Respondent has met his burden of production with respect to petitioners' substantial understatement of income for the year at issue. Sec. 7491(c).

Petitioner contends that he is not liable for the accuracy-related penalty because he is the custodial parent under section 152(e) for the year in issue and is entitled to the dependency exemption deduction. Generally, a taxpayer may avoid the imposition of the accuracy-related penalty if "there was a

reasonable cause * * * and that the taxpayer acted in good faith".  Sec. 6664(c)(1).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances and the extent to which the taxpayer attempted to assess the proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.; see also Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537.

We find petitioner's claim of the dependency exemption deduction was in good faith but based on a mistaken view of the law.  Petitioner consistently asserted that he had custody of both of his children for the greater portion of the calendar year.  Respondent's determination of the accuracy-related penalty under section 6662 is not sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

> Decision will be entered for respondent as to the deficiency and for petitioners as to the penalty under section 6662.